April 4, 1910.

No. 4908.

(Court of Appeal, Parish of Orleans.)

**W. S. RUSSELL vs. J. J. OWENS.**

Lazarus, Michel & Lazarus for plaintiff and appellant.

Geo. W. Flynn for defendant and appellee.

DUFOUR, J.—The question presented in this case is whether a party falsely arrested by a police officer can recover damages from the surety on the policeman's official bond, given under Section 5 of Act 32 of 1904.

The Section reads as follows:

> "Said Inspector shall have the power and authority to make, adopt and enforce such rules, regulations, and do all such acts as he may, from time to time, deem necessary to effect a prompt and efficient exercise of all powers conferred by this act." * *

> "He shall require each appointee to take an oath of office and furnish satisfactory bond in the sum of one thousand dollars, which oath and bond shall be deposited with said Board (of Commissioners of the Police Department of the City of New Orleans)."

In accordance with that provision of the law, the surety signed a bond worded and conditioned as follows:

> "That, if the said Alfred Beyl will well, truly and faithfully do, perform and fulfill all the duties devolving upon him in his capacity as a supernumerary patrolman aforesaid, and hold the said Board or the City of New Orleans harmless for any and all damage, loss and injury which may result from any illegal act of said Alfred Beyl, or omission of any duties imposed upon him by the laws and ordinances of said Board and of the City of New Orleans, in force, then, and in such case, this obligation to be null and void, otherwise the same to remain in full force and effect."

There is nothing in the law which indicates any inten-

tion on the part of the Legislature that the bond which the Inspector is instructed to require of his appointee shall be one in favor of the public, or that it shall respond for damages caused by the police officer's illegal arrest of any citizen.

The statute speaks merely of a "satisfactory bond," its form, purposes and scope are left by the Legislature to the discretion of the Inspector and, as he wrote the bond, so must we read it.

It is true that the phraseology of the first paragraph of the bond shows that it is intended to guarantee the faithful discharge of official duties.

But the next paragraph, restrictive and qualifying in its effect, sets out the purpose to be "to hold the said Board or the City of New Orleans harmless from any and all damage, loss and injury which may result from any illegal act, or omission of any act of duty in the exercise of said office, or of the duties imposed upon him by the laws and ordinances of said Board and of the City of New Orleans."

In seeking legislative intent, we must bear in mind that there is no need of a bond to protect the City or Board against damage caused a citizen by an illegal official act.

Under well established jurisprudence, a political corporation, while exercising powers given it for public purposes, as part of the government, enjoys the exemption of government from responsibility for its own acts and those of its officers deriving their authority from the sovereign.

### 9 An. 461, 14 An. 120.

The only acts covered by the bond are such as may cause damage to the Board and the City, and an inference that it includes acts injurious to the public at large

would do violence to both the letter and the spirit of the bond.

The view that we have taken, based on the text of the statute and the bond, makes it unnecessary to discuss the numerous authorities cited by both sides.

The judgment rejecting the demand against the surety is correct.

Judgment affirmed.

St. Paul, J., takes no part.

March 21, 1910.

Rehearing refused April 4, 1910.

Writ refused by Supreme Court May 10, 1910.